IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WALTER R. MYERS, et al.,

        Plaintiffs,

v.                                                  CIVIL ACTION NO.   2:19-cv-00757

CITY OF CHARLESTON, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiffs' Motion for Reconsideration of Order Entered July 21, 2020.  (ECF No. 25.)  For the reasons discussed more fully below, the Court **DENIES** the motion.

### I.   BACKGROUND

This civil action arises from two incidents requiring law enforcement response from the City of Charleston on September 11 and 12, 2017.[1]  (ECF No. 1-1.)  Plaintiffs Walter ("Walter") and Vivian ("Vivian") Myers (collectively, "Plaintiffs") allege that their son, Adam ("Adam"), suffered from mental illness, including schizoaffective disorder which displays symptoms of schizophrenia and a mood disorder, such as hallucinations, delusions, depression, and mania.  (*Id.* at ¶ 13.)  On September 11, Adam experienced an exacerbation of his symptoms, and Plaintiffs called emergency services requesting to have Adam taken to the hospital for treatment and observation.  (*Id.* at ¶ 16.)  Plaintiffs allege that the responding officers "merely questioned"

---

[1] A detailed retelling of Plaintiff's allegations may be found in this Court's July 21 Memorandum Opinion and Order.  (ECF No. 22.)   For the sake of brevity, the Court only restates the pertinent allegations here.

Adam and determined him to be "competent." (*Id.* at ¶ 17.) The following day, Plaintiffs again called for law enforcement when Adam began to physically struggle with his father, injuring him. (*Id.* at ¶¶ 20, 31.) When Officers Job Ouma and Erick Miller arrived, Adam was pinned to the floor and handcuffed. (*Id.* at ¶ 25.) While prone, Adam began having difficulty breathing and emergency services were called. (*Id.* at ¶ 34.) EMTs transported Adam to the Charleston Area Medical Center, where he was pronounced dead. (*Id.*)

Plaintiffs filed this action against the City of Charleston, and Officers Job Ouma, Erick Miller, and Chief of Police Steve Cooper individually and in their capacity as police officers and Chief of Police, respectively, for the City of Charleston (collectively, "Defendants"). Plaintiffs filed their Complaint in the Circuit Court of Kanawha County, West Virginia, on September 11, 2019, asserting fourteen (14) counts on behalf of the Estate of Adam Myers and Walter and Vivian individually. (*See* ECF No. 1-1.) This case was removed to this Court on October 18, 2019. (ECF No.1.) On November 4, 2019, Defendants moved to dismiss all counts except for Counts I(a), I(b), I(c), and X. (ECF No. 5.) By order entered July 21, 2020, this Court granted Defendants' Partial Motion to Dismiss. (ECF No. 22.)

Plaintiffs filed the pending motion on July 31, 2020. (ECF No. 25.) Defendants timely responded in opposition on August 6, 2020. (ECF No. 27.) Plaintiffs did not file a reply. As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move a court to alter or amend a final judgment. "Granting a Rule 59 motion is an extraordinary remedy that should be used sparingly." *Oak Hill Hometown Pharmacy v. Dhillon*, Civil Action No. 2:19-cv-00716, 2019 WL

7169241 at *1 (S.D. W. Va. Dec. 23, 2019) (citing *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  While Rule 59 does not provide a standard itself under which a district court may grant such a motion, the Fourth Circuit recognizes three grounds that would permit the amendment of an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Pac. Ins. Co.*, 148 F.3d at 403.  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Id.*

### III.   DISCUSSION

Plaintiffs base their Rule 59(e) motion on the third ground: To correct a clear error of law or prevent manifest injustice.  First, Plaintiffs argue that this Court's dismissal of Count V, titled "Excessive Force – Violation of West Virginia Constitution," (ECF No. 1-1 at 16), was clear error because the "complaint has clearly plead a wrongful death action."  (ECF No. 25 at 2.)  Next, Plaintiffs argue that the dismissal of Count IX—a claim of negligence brought on behalf of the Estate of Adam Myers—was similarly improper as the claim survived Adam's death.  (*Id.* at 5.)  The Court addresses each in turn.

#### A.  Count V – Excessive Force

Plaintiffs argue that this Court's dismissal of Count V was clear error because the "complaint has clearly plead a wrongful death action."  (ECF No. 25 at 2.)  In support of this contention, Plaintiffs argue that West Virginia's wrongful death statute, W. Va. Code § 55-7-6, is to be liberally construed.  (*Id.* at 2.)  Plaintiffs submit their belief that "the Court recognizes that

3

the plaintiffs have sufficiently plead a wrongful death theory" because of the Court's recognition that a wrongful death theory, brought pursuant to a federal civil rights claim under 42 U.S.C. § 1983, would survive. (*Id.* at 5.) Because of this, Plaintiffs seek "clarification" of the Court's ruling regarding Count V. (*Id.*)

Plaintiffs' request for "clarification" from the Court is merely an attempt to relitigate the Defendants' motion to dismiss. To begin, Plaintiffs have apparently ignored the explicit wording this Court used in its order dismissing Count V: "But Plaintiffs have brought neither a § 1983 nor a West Virginia statutory wrongful death claim within Count V of their Complaint." (ECF No. 22 at 18.) Further, this Court recognized that even Plaintiffs themselves identified that "Count V represents a 'constitutional tort action' alleging excessive force." (*Id.* at 21.) Far from "clearly plead[ing] a wrongful death action," (ECF No. 25 at 2), Plaintiffs explicitly plead a claim for excessive force under the West Virginia Constitution. (*See* ECF No. 1-1 at 16.) If Plaintiffs had intended to bring a cause of action for wrongful death, then they surely would have stated as much and cited the West Virginia Wrongful Death Act, W. Va. Code § 55-7-6. They did not.

The Court further notes that Plaintiffs are represented by counsel and as such are not entitled to a liberal interpretation of their complaint. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (pro se complainants are entitled to a liberal construction of complaints); *cf. Backus v. City of Parkersburg*, 980 F.Supp.2d 741, 744–45 (S.D. W. Va. 2013) (refusing a former pro se complainant a liberal construction after retained counsel failed to amend complaint four months later). This Court's role is not to assemble a jigsaw puzzle presented in the form of a complaint to verify that the elements of a claim are scattered throughout nor does such a pleading provide fair notice to the Defendants. *See, e.g.*, *Westfall v. Osborne, et al.*, Civ. Action No. 2:20-cv-00118,

4

2020 WL 6276145 at *8 (S.D. W. Va. Oct. 26, 2020).  Plaintiffs did not bring a wrongful death claim in their complaint nor did they argue a wrongful death claim in response to the Defendants' motion to dismiss.  In fact, their first citation to W. Va. Code § 55-7-6 appears in this very motion.[2]  (ECF No. 25 at 2.)

As to footnote 5 of this Court's July 21 Order, Plaintiffs had argued that a state law-based wrongful death theory can serve as a "gap-filler" for a claim under 42 U.S.C. § 1983, where typically such action would normally abate under the survivability statute.  (ECF No. 22 at 18.)  As the Court indicated in that order, this argument would generally be correct if a § 1983 claim was asserted.  (*Id.* at 21.)  Plaintiffs, however, did not assert a § 1983 claim, and even went so far as to state that Count V was brought "separate and apart from any violation of 42 U.S.C. § 1983 alleged[.]"  (ECF No. 1-1 at ¶ 66.)

Plaintiffs did not plead an action for wrongful death under W. Va. Code § 55-7-6 in the complaint.  For clarity, the Plaintiffs did not also bring a § 1983 claim within Count V, thus rendering their argument for using W. Va. Code § 55-7-6 as a vehicle for such a claim irrelevant to this action.  They may not now use Rule 59(e) to attempt to relitigate these issues.  Plaintiffs' motion is **DENIED**.

   B. *Count IX – Negligence*

Plaintiffs next ask the Court to reconsider its ruling regarding Count IX, a common-law negligence claim asserted against Defendants Ouma, Miller, and the City of Charleston.  (ECF No. 25 at 5.)  In support of its motion, Plaintiffs argue that the negligence claim survived Adam's

---

[2] Plaintiffs further assert that their inclusion of the phrase "wrongful death" in Paragraph 122 of their complaint clearly supports their argument that their claim was sufficiently plead.  (ECF No. 25 at 4.)  The Court disagrees.  Paragraph 122, labeled "Damages," is clearly that: An enumerated list of alleged damages.  Paragraph 122 is not a cause of action or an element of an action, but rather only a statement of the relief sought.

5

death and was "appropriately pled." (*Id.*) Plaintiffs cite *Randall v. Fairmont City Police Department* to stand for the proposition that, despite the West Virginia survivability statute, the Supreme Court of Appeals has found that a negligence claim survives in a wrongful death context. (*Id.* at 5–7 (citing 412 S.E.2d 737 (W. Va. 1991).)

Plaintiffs reliance on *Randall* is misplaced. Moreover, the Court also notes that the Supreme Court of Appeals decided *Randall* in 1991, nearly thirty years ago, and questions why Plaintiffs' chose to forego this argument in the first instance. *Randall*, however, is of no import to the issue of survivability under W. Va. Code § 55-7-8a(a). Nowhere in *Randall* did the West Virginia Supreme Court of Appeals address any issue under W. Va. Code § 55-7-8a, the survivability statute. Instead, the Supreme Court's focus was on the West Virginia Governmental Tort Claims and Insurance Reform Act and the constitutionality of its immunity provisions and an alleged "special relationship" exception to the "public duty doctrine" of the Act. *See generally Randall*, 412 S.E.2d 737.

The Plaintiffs' misreading of *Randall* ignores the plain language of the survivability statute. In pertinent part, W. Va Code § 55-7-8a reads as follows:

> In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

As the statute establishes in no uncertain terms, causes of action for injuries to the person and resulting in death do not survive. Plaintiffs further ignore case law directly addressing the survivability statute, which, again, *Randall* did not. *See Cavendish v. Moffitt*, 253 S.E.2d 558, 559 (W. Va. 1979) ("[I]t is apparent that the Legislature intended to exclude from statutory

survivability under [W. Va. Code § 55-7-8a(a)] such personal torts as defamation, false arrest and imprisonment, and malicious prosecution."); *Slack v. Kanawha Cnty. Hous. & Redevelopment Auth.*, 423 S.E.2d 547, 551 (W.Va.1992) ( "[I]nvasion of privacy is a personal action that does not survive the death of the individual at common law or under [section] 55–7–8a(a)."); *Mack-Evans v. Hilltop Healthcare Ctr., Inc.*, 700 S.E.2d 317, 322 n.7 (W. Va. 2010) ("The personal injury claim was filed pursuant to W. Va. Code § 55-7-8a[]. Under this statute, a personal injury claim may be filed by a decedent's representative if the injury alleged did not result in the death of the decedent. That is, under this statute, a personal injury claim cannot be initiated by a decedent's representative if the injury complained of caused the decedent's death."); *Spry v. W. Virginia*, Civ. Action No. 2:16-CV-01785, 2017 WL 1483370, at *9 (S.D. W. Va. Apr. 24, 2017) ("The battery claim brought by Mr. Spry's estate cannot proceed because West Virginia claims for battery do not survive death."); *Hoover v. Trent*, Civ. Action No. 1:07-CV-47, 2008 WL 2992987 (N.D. W. Va. Aug. 1, 2008) ("Hoover's state claims [all on behalf of her son, Tomasic's, estate] for assault and battery, negligence, and intentional infliction of emotional distress, however, abate under state law. As already noted, under West Virginia's survival statute only injuries not resulting in death survive.")

Plaintiffs' claim of negligence, asserted on behalf of the estate of Adam Myers, did not survive Adam's death. W. Va. Code § 55-7-8a(a). This motion is not based on any intervening change in the law and simply represents an attempt to relitigate an issue already decided. Accordingly, Plaintiffs' motion is **DENIED**.

## IV. CONCLUSION

For the reasons more fully discussed above, the Court **DENIES** Plaintiffs' Motion for Reconsideration of Order Entered July 21, 2020. (ECF No. 25.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 13, 2020

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE